[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14156
The parties are the parents of a seven year old daughter, Sarah M. Grant, who resides primarily with her sole legal custodian, the plaintiff. Until August 11, 1999, the child had enjoyed visitation with the defendant mother as well as court ordered daily telephone contact initiated by the child between 7:00 and 7:30 p. m.
The parties have had a tempestuous relationship, and the court has previously entered restraining orders against the defendant and in other ways limiting contact between them. In addition, the defendant has in the past acquired more of the prescription drugs klonopin and clonazepam than she could have possibly used if she took them in the prescribed dosage, which was a low one. In addition, she had a lengthy hospitalization for mental health related illness in 1997. On June 25, 1999, the defendant was arrested for driving while intoxicated, an incident in which her first breatholyzer result was .159. She lied to the police about the several facts during the arrest, including that she had had her right kidney removed a week before and that her daughter was at her house with a babysitter. She became belligerent at the police department, and was clearly out of control. On August 17, 1999, the defendant was arrested in a domestic violence incident in which she was injured by her father. While she was not violent during this incident, she was belligerent to the police officers during the arrest procedure. She claims that her last alcoholic drink was on June 25, 1999.
The plaintiff has refused to allow the defendant visitation with the child since August 13, 1999, which notably was prior to the defendant's second arrest. He suspended visitation when he became concerned about the defendant's verbally aggressive manner toward the child. While there is good cause to believe that the defendant is not always appropriate with the child, it is also clear that the child is manipulating the situation to benefit her own convenience. This is tru both with respect to visitation, which she finds boring, and to daily telephone calls to the defendant, which she finds inconvenient. Notwithstanding this finding, however, the defendant does need some external controls on visitation for awhile.
Based upon the findings of the court, the court enters the following orders. CT Page 14157
1. The defendant's motion for contempt dated September 1, 1999 is denied.
2. Unless otherwise modified by this decision, all orders relateing to the custody of the child will remain in effect.
3. The defendant will not consume alcohol, non-prescription or illicit drugs, or prescription drugs in amounts greater than the prescribed dosage for twelve hours prior to and during any visitation with the child.
4. The defendant will complete a drug and alcohol use assessment at Wheeler Clinic or an equivalent program. The defendant will submit to random drug and alcohol screenings administered by the Court Support Services Division for a period of six months.
5. The defendant will have supervised visitation for two hours per week (which may be consecutive or one hour on two days) at A.M.P.S. In addition, she shall have similar visitation at A.M.P.S. for two hours on the Friday after Thanksgiving, and on December 26, 1999, if supervised visitation is still on-going at that time. The cost of the A.M.P.S. program will be paid out of the judicial grant for that program for the first seven weeks, provided that the defendant meets the requirements of the grant and that funds are available.
6. When the defendant has satisfactorily completed the drug/alcohol assessment and is in compliance with the program's recommendations or has been excused from compliance with them by the court, it is anticipated that the defendant's visitation and access will return to the pre-August 1999 schedule. However, it is also anticipated that certain modifications to that schedule and the conditions of access may be made by the court at that time. The defendant shall report to court and the plaintiffs counsel upon the completion of the program so that further hearing may be scheduled to determine the conditions of future visitation.
7. The child shall not be required to make telephone calls to the defendant on days when there is visitation. She shall not be required to call the defendant between 7:00 and 7:30 p. m. Calls on school nights will be made before eight, while calls on non-school nights will be made before nine. CT Page 14158
BY THE COURT,
GRUENDEL, J.